624 So.2d 782 (1993)
Jose P. HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01317.
District Court of Appeal of Florida, Second District.
September 15, 1993.
James Marion Moorman, Public Defender, and Tonja R. Vickers, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Jose P. Hernandez appeals a conviction for indirect criminal contempt. We conclude that the conviction for criminal contempt violates double jeopardy because the state had already prosecuted Mr. Hernandez for battery and for violation of an injunction for protection, which two offenses were the foundation for the contempt charge. Accordingly, we reverse this conviction.
On January 3, 1992, Mr. Hernandez went to the victim's home, grabbed her by the throat, and threatened to get her "out of the way." Prior to that date, the victim had obtained an injunction for protection against repeat domestic violence by Mr. Hernandez. As a result of this conduct, Mr. Hernandez was convicted on February 4, 1992, in county court of battery and violation of an injunction for protection and was sentenced to six months in the county jail. § 741.31, Fla. Stat. (1991).[1]
On January 23, 1992, the state also filed a petition for order to show cause for indirect criminal contempt against Mr. Hernandez in circuit court. The petition was based on a complaint affidavit, charging Mr. Hernandez with the same battery and violation of an *783 injunction for protection. At a hearing in circuit court on February 14, 1992, Mr. Hernandez filed a motion to dismiss the indirect criminal contempt charge based on double jeopardy. The trial court denied the motion to dismiss. Thereafter, Mr. Hernandez pleaded no contest and received a thirty-day jail sentence, concurrent with his six-month jail term. He reserved the right to appeal the denial of his motion to dismiss.
The subsequent indirect criminal contempt conviction was based solely on the violation of the injunction and the battery, offenses for which Mr. Hernandez had already been convicted. At the time of Mr. Hernandez's convictions, there was some confusion regarding what constituted a "successive prosecution" for the same offense which would violate the Double Jeopardy Clause. See Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). This was particularly true when one conviction involved a substantive offense and the other a contempt of court. The Supreme Court has recently receded from Grady and its "same conduct" test. United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Dixon establishes that the Double Jeopardy Clause prohibits the subsequent prosecution for a substantive offense that underlies a criminal contempt charge for which one has been convicted. It also holds that the converse, i.e., subsequent prosecution for criminal contempt, the basis of which is a substantive offense for which a conviction has been obtained, violates the Double Jeopardy Clause. ___ U.S. at ___-___, ___-___, ___, 113 S.Ct. at 2858-56, 2868-69, 2881.
In light of Dixon, the successive prosecution for indirect criminal contempt in this case violates the Double Jeopardy Clause and that conviction must be reversed.
Reversed.
SCHOONOVER, A.C.J., and PATTERSON J., concur.
NOTES
[1] Section 741.31, Florida Statutes (1991), states:

Violation of an injunction for protection against domestic violence  Any person who willfully violates the provisions of an injunction for protection against domestic violence, issued pursuant to s. 741.30, by refusing to vacate the dwelling that the parties share, or returning to said property, shall, in addition to any penalty which may be imposed through contempt of court proceedings, be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(Emphasis added.)