639 So.2d 1098 (1994)
Clarence RICHARDSON, Appellant,
v.
Celveta LEWIS, Appellee.
No. 92-04098.
District Court of Appeal of Florida, Second District.
July 20, 1994.
*1099 Geoffrey A. Foster, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant challenges the trial court's order denying his motion to dismiss an indirect criminal contempt charge on double jeopardy grounds. We affirm.
On October 8, 1991, the circuit court issued an injunction for protection prohibiting the appellant from, among other things, committing battery on or entering the residential premises of his former girlfriend. The appellant was later charged with indirect criminal contempt for violating the injunction by entering the home and attacking the former girlfriend. The state attorney also charged the appellant with armed burglary and aggravated battery arising out of this same incident.
The appellant was found guilty at jury trial of armed trespass and aggravated battery. Thereafter, he filed a motion to dismiss the criminal contempt charge on the ground that prosecution would place him twice in jeopardy for an incident for which he had already been convicted. The trial court denied the motion and the appellant pleaded nolo contendere to contempt, reserving the right to appeal the denial of his motion to dismiss. He was sentenced to time served in the county jail.
The constitutional protection against double jeopardy assures that no person shall be twice put in jeopardy for the same offense. U.S. Const. amend. V; Fla. Const. Art. I, § 9. This protection applies in nonsummary criminal contempt prosecutions just as it does in other criminal prosecutions. United States v. Dixon, 509 U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The test for determining whether the double jeopardy bar applies in a particular case is the "same-elements" test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This test inquires whether each of the two offenses for which the defendant is punished or tried contains an element not contained in the other; if not, they are the same offense and successive prosecution is barred. Dixon, 509 U.S. at ___, 113 S.Ct. at 2856, 125 L.Ed.2d at 568; see also § 775.021(4), Fla. Stat. (1991).[1]
We affirm the appellant's conviction and sentence for indirect criminal contempt on the authority of Dixon. Applying a Blockburger analysis to the instant offenses, we note that aggravated battery requires proof of great bodily harm, permanent disability, permanent disfigurement, or use of a deadly weapon which simple battery, as prohibited by the injunction, does not. Likewise, armed trespass requires proof that the *1100 offender was armed with a firearm or other dangerous weapon, while entry into the premises, as prohibited by the injunction, does not. Finally, a conviction for criminal contempt, arising out of a battery or entry onto the former girlfriend's premises, requires proof of a knowing and willful violation of the court-ordered injunction, unlike the substantive criminal offenses.
This court's prior decision in Hernandez v. State, 624 So.2d 782 (Fla. 2d DCA 1993), is distinguishable. Mr. Hernandez was convicted of violation of an injunction for protection, pursuant to section 741.31, Florida Statutes (1991), and simple battery. We held that a subsequent prosecution for criminal contempt violated double jeopardy. The substantive offense of violation of an injunction for protection, however, contains the same element of willful violation of a court order as does criminal contempt. Therefore, a subsequent prosecution for criminal contempt would violate the Double Jeopardy Clause. Further, the subsequent prosecution for contempt based on the simple battery in Hernandez, like the subsequent prosecution for simple assault in Dixon, was incorporated into and could not be abstracted from the injunction for protection which was violated; therefore, the prosecution was barred by the Double Jeopardy Clause. See 509 U.S. at ___-___, 113 S.Ct. at 2857-2858.
Accordingly, we affirm the appellant's judgment and sentence for indirect criminal contempt.
Affirmed.
CAMPBELL, A.C.J., and LAZZARA, J., concur.
NOTES
[1] § 775.021(4)(a): Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.