644 So.2d 1028 (1994)
The STATE of Florida, Appellant,
v.
Robert L. JOHNSON, Appellee.
No. 93-2734.
District Court of Appeal of Florida, Third District.
October 26, 1994.
Rehearing Denied November 30, 1994.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Asst. Public Defender, for appellee.
Before BASKIN, JORGENSON, and GERSTEN, JJ.
PER CURIAM.
The State appeals from an order dismissing, on double jeopardy grounds, a charge of aggravated stalking. We affirm.
In March, 1993, a permanent injunction against domestic violence was served upon Johnson. The injunction prohibited him from engaging in any criminal offense resulting in physical injury to Andrea Green, entering onto her place of residence or place of employment, or abusing, threatening, or harassing her. Johnson violated the terms of the injunction by entering Green's place of residence, and pled no contest to the charge of criminal contempt that arose from that violation.
*1029 At the same time, and based upon the same conduct  Johnson's entry onto Green's residence  the State filed an information charging Johnson with aggravated stalking by violating a prior injunction. Johnson moved to dismiss the information on the ground of double jeopardy; the trial court granted the motion.
The trial court properly dismissed the charge of aggravated stalking. To determine whether the double jeopardy provision bars a subsequent prosecution, the Supreme Court has applied the "same-elements test"[1] which "inquires whether each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. ___, ___, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 568-69 (1993) (citations omitted). In Dixon, the Court applied the sameelements test to bar a prosecution for possession of cocaine with intent to distribute after Dixon had already been found guilty of contempt of court for violating a condition of his release by engaging in a criminal act, namely the precise substantive offense with which he had been charged: possession of cocaine with intent to distribute. The crime of violating a condition of his release could not be "abstracted from the `element' of the violated condition." Dixon, 509 U.S. at ___, 113 S.Ct. at 2857, 125 L.Ed.2d at 569-70.
In this case, as in Dixon, the substantive charge was subsumed under the language of the injunction. There is no conceivable way in which Dixon could have committed aggravated stalking against the victim without also violating the terms of the injunction, a crime for which he had already been convicted. In the language of Dixon, aggravated stalking is "a species of lesser-included offense" of the contempt charge, id. (citations omitted); the rule against double jeopardy thus barred the subsequent prosecution for aggravated stalking. See also Illinois v. Vitale, 447 U.S. 410, 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228, 238 (1980) (person convicted of crime having several elements included in it may not subsequently be tried for lesser-included offense consisting solely of one or more elements of crime for which he already was convicted).
AFFIRMED.
NOTES
[1] See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).