644 So.2d 342 (1994)
STATE of Florida, Appellant,
v.
Humberto MIRANDA, Jr., Appellee.
No. 93-04364.
District Court of Appeal of Florida, Second District.
November 2, 1994.
*343 Robert A. Butterworth, Atty. Gen., and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
Roger A. Alcott, Lakeland, for appellee.
FULMER, Judge.
The state appeals an order dismissing a charge of aggravated stalking on double jeopardy grounds. We reverse and remand for further proceedings. The question underlying this appeal is: Where a defendant is held in contempt for violating a domestic violence injunction, may the defendant be prosecuted later for a substantive offense stemming from the same conduct that gave rise to the contempt adjudication? In the case before us, we answer yes because the two prosecutions can survive the "same elements" test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
A domestic violence injunction[1] was entered against Humberto Miranda, Jr., on August 6, 1993. On September 3, 1993, the state filed a petition for order to show cause why the defendant should not be held in indirect criminal contempt[2] for committing several acts alleged to be in violation of the injunction.[3] On October 3, 1993, the state filed an information charging the defendant with aggravated stalking in violation of section 784.048(4), Florida Statutes (1993).[4] The defendant pleaded guilty to the criminal contempt charge and filed a motion to dismiss the aggravated stalking charge on double jeopardy grounds.
Although the trial court cited United States v. Dixon, 509 U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the following language in the order of dismissal appears to apply the "same conduct" test rejected in Dixon rather than the "same elements" test required by Dixon:
The Defendant was charged with Aggravated Stalking for conduct during the time period between August 6, 1993 and October 3, 1993. The charge was based on the violation of an Injunction for Protection that was entered on August 6, 1993. The Defendant has previously entered a plea of *344 guilty to the allegation, based on the same conduct, on a charge of indirect criminal contempt for violation of the injunction on November 5, 1993.
It is in violation of the double jeopardy provisions of the Florida Constitution and the Constitution of the United States for the Defendant to again be placed in jeopardy and prosecuted for the same conduct that he was prosecuted for in GC-F-93-4527. [GC-F-93-4527 is the case number of the criminal contempt case]
In Dixon, the Supreme Court held that the protection of the Double Jeopardy Clause attaches in indirect criminal contempt prosecutions just as it does in other criminal prosecutions. The Court further held that the sole test to be applied to determine if a subsequent prosecution will be barred by double jeopardy is the "same elements" or Blockburger test. If each offense requires proof of an element that the other does not, the offenses are separate and double jeopardy does not apply.
Three years prior to Dixon, in Grady v. Corbin, 495 U.S. 508, 521, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548, 564 (1990), the Supreme Court held that, in addition to passing the Blockburger test, a subsequent prosecution had to satisfy the "same conduct" test to avoid the double jeopardy bar, i.e., even if a subsequent prosecution survived the Blockburger test, it would nevertheless be barred if "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." However, in Dixon, the Court decided that the "same conduct" test had proven unworkable and lacked constitutional roots. Therefore, the Court rejected the "same conduct" test, overruled Grady and held that the "same elements" test set forth in Blockburger would control in double jeopardy determinations.
In order to apply the Blockburger test to the case before us, it is necessary to examine the elements of both the criminal contempt charge and the aggravated stalking charge to see if each requires proof of an element that the other does not. We adopt the approach taken in Dixon by Justice Scalia. In Dixon, two different respondents were tried for criminal contempt for violating court orders that prohibited them from engaging in conduct that was later the subject of criminal prosecution. A review of a portion of the Court's analysis in Respondent Michael Foster's case provides guidance for our application of the Blockburger test in the case before us. Foster's estranged wife obtained a civil protection order (CPO) as a result of alleged physical attacks by Foster. The order required that he not "molest, assault, or in any manner threaten or physically abuse" Ana Foster. Id. at ___, 113 S.Ct. at 2854, 125 L.Ed.2d at 565. Thereafter, Ana Foster filed several motions for contempt alleging numerous violations of the CPO which included two assaults on November 6, 1987, and May 21, 1988. With respect to the assault violations, the trial court instructed that the elements to be proved were that there was a CPO and that an assault, as defined by the criminal code, occurred. Foster was found guilty of criminal contempt for the assaults committed on November 6, 1987, and May 21, 1988.
After the contempt prosecution concluded, a multiple count indictment was obtained which included charges of simple assault (Count I) on or about November 6, 1987, and assault with intent to kill (Count V) on or about May 21, 1988. Counts I and V were based on the events for which Foster had been held in contempt. Foster filed a motion to dismiss claiming that all the counts were barred by double jeopardy. In order to examine the double jeopardy issue, Justice Scalia compared the elements of the violated condition of the CPO with the elements of the offenses charged in the indictment. With respect to Count I, the Court observed that the trial court construed the term "assault" as used in the CPO to have the precise meaning as "assault" in the criminal code. The Court held that where a contempt sanction is imposed for violating a court order through commission of an incorporated offense, the later attempt to prosecute for the incorporated offense is barred by double jeopardy because the incorporated offense is "a species of lesser-included offense." Id. at ___, 113 S.Ct. at 2857, 125 L.Ed.2d at 569.
*345 The charge of assault as set forth in Count I of the indictment did not include any element not contained in the previous contempt charge and, therefore, it was barred by double jeopardy.[5] However, Count V of the indictment was not barred. The charge of assault with intent to kill includes not only the elements of simple assault but also the additional element of "intent to kill." The contempt offense did not require proof of an intent to kill. Likewise, the contempt offense required proof of knowledge of the CPO and the assault with intent to kill offense did not. Thus, these crimes were different offenses and the subsequent prosecution did not violate the Double Jeopardy Clause.
We now examine the charges before us. Miranda was charged with aggravated stalking under section 784.048(4). Therefore, both the aggravated stalking charge and the contempt charge require proof that an injunction for protection has been issued pursuant to section 741.30. However, we must compare the elements of the violated conditions of the injunction to the remaining elements of aggravated stalking. Aggravated stalking requires proof that a person "knowingly, willfully, maliciously, and repeatedly follows or harasses another person." "Harasses" means "to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose."[6] A definition is also provided for "course of conduct" which includes a requirement that there be a "series of acts over a period of time."[7] No such requirements are contained in the elements of the violated conditions of the injunction. The condition that Respondent not "harass the Petitioner, either directly or indirectly, at any time or place whatsoever," may be violated by a single act of "harassment" as defined by its plain meaning since no statutory definition is provided. Thus, the aggravated stalking charge includes elements not included in the contempt charge. The fact that evidence of repeated phone calls may constitute the proof to be adduced at both the contempt trial and the aggravated stalking trial does not render these charges the same offense. The focus in doing a Blockburger analysis is on the statutory elements of the offenses and not on the accusatory pleadings or proof to be adduced at trial in a particular case.
The contempt charge also required proof of violation of the elements of the condition that Respondent "not enter on or about Petitioner's place of employment." It is not necessary to prove that Miranda entered on or about Petitioner's place of employment in order to prove the charge of aggravated stalking. Thus, the contempt charge includes elements not included in the aggravated stalking charge.
Having determined that each offense contains at least one element the other does not, we find that the aggravated stalking prosecution is not barred by double jeopardy. We reverse the dismissal of the aggravated stalking charge and remand for further proceedings in accordance with this opinion.
HALL, A.C.J., and BLUE, J., concur.
NOTES
[1] Pursuant to section 741.30, Florida Statutes (1993).
[2] Section 741.31 was amended, effective July 1, 1994, to provide that enumerated violations of a domestic violence injunction will constitute a misdemeanor of the first degree. The language providing for additional contempt proceedings was repealed. Chapter 94-134, Laws of Florida.
[3] The relevant conditions of the injunction provide:

Respondent shall not physically abuse, threaten or harass the Petitioner, either directly or indirectly, at any time or place whatsoever.
Respondent shall not enter on or about Petitioner's place of employment located at ... or wherever the Petitioner may be employed in the Tenth Judicial Circuit.
[4] Section 784.048, in pertinent part, provides:

(1) As used in this section:
(a) "Harasses" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
(b) "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct." Such constitutionally protected activity includes picketing or other organized protests.
... .
(4) Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[5] Another example of this situation is found in Hernandez v. State, 624 So.2d 782 (Fla. 2d DCA 1993). In that case a subsequent prosecution for contempt was barred because the defendant had previously been prosecuted for battery and for violation of an injunction for protection, which two offenses were the foundation for the contempt charge. All of the elements of these two charges would be proved in the contempt prosecution.
[6] Section 784.048(1)(a).
[7] Section 784.048(1)(b).