653 So.2d 447 (1995)
Matthew FIERRO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1952.
District Court of Appeal of Florida, First District.
April 4, 1995.
Nancy A. Daniels, Public Defender and Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is a direct appeal of convictions and sentences for (Count I) concealing or removing a minor child contrary to court order in violation of section 787.04, Florida Statutes; (Count II) false imprisonment; and (Count III) use of a firearm in the commission of a felony. Appellant was sentenced to five years probation on each of Counts I and II, both concurrent to the sentence of 12 years probation on Count III. Appellant contends his conviction for concealing or removing a minor child contrary to court order is barred by double jeopardy because he had previously been convicted of criminal contempt based on his violation of the same court order. We agree and reverse the conviction for that offense. We affirm the convictions and sentences for false imprisonment and use of a firearm in the commission of a felony.
While dissolution of marriage proceedings were pending, a temporary custody order was in effect providing for shared parental custody and establishing a schedule for each parent to have custody of the child. The temporary order provided that neither party was to take the child outside of the Second Judicial Circuit of the State of Florida without the prior consent of the other party in writing. On September 17, 1991, appellant failed to return his then three year old son to the child's mother, as required by the order, and could not be found for some fourteen months thereafter. In November, 1992, appellant was apprehended in South Carolina where he had been living with the child. As a result, he was found in contempt of the court's temporary custody order and sentenced to approximately six months in jail.
The State charged appellant with violating section 787.04, Florida Statutes, which provides: "It is unlawful for any person, in *448 violation of a court order, to lead, take, entice or remove a minor beyond the limits of this state, or to conceal the location of a minor, with personal knowledge of the order." Appellant's motion to dismiss this charge on double jeopardy grounds was denied. Appellant was found guilty as charged of this offense after a jury trial.
At hearing on the motion to dismiss, the trial court took judicial notice that the contempt proceedings and the present charge arose from the same facts, but based its ruling on the distinction between criminal contempt proceedings and other criminal proceedings, although noting that the law regarding double jeopardy was in "somewhat of a state of flux" at that time. After the court's ruling, and after this case was tried and the notice of appeal filed, the United States Supreme Court issued its opinion in United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In Dixon, addressing the issue "whether prosecution for criminal contempt based on violation of a criminal law incorporated into a court order bars a subsequent prosecution for the criminal offense," the Court held that double jeopardy attaches to nonsummary criminal contempt prosecutions. If the two offenses cannot survive the Blockburger "same elements" test, the second prosecution is barred by the double jeopardy clause. Id. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the Blockburger test, if each offense contains an element not contained in the other, there is no double jeopardy problem.
Appellant contends the contempt conviction is subsumed by the statutory offense, because all elements of the criminal contempt are included in the statutory offense, citing State v. Johnson, 644 So.2d 1028 (Fla. 3d DCA 1994), for support. In Johnson, the court said the trial court correctly dismissed the charge of aggravated stalking by violating a prior injunction.
In this case, as in Dixon, the substantive charge was subsumed under the language of the injunction. There is no conceivable way in which Dixon could have committed aggravated stalking against the victim without also violating the terms of the injunction, a crime for which he had already been convicted. In the language of Dixon, aggravated stalking is `a species of lesser included offense' of the contempt charge, ...; the rule against double jeopardy thus barred the subsequent prosecution for aggravated stalking.
Appellant also cites as authority Hernandez v. State, 624 So.2d 782 (Fla. 2d DCA 1993), in which the court concluded a conviction for indirect criminal contempt violated double jeopardy because appellant had already been prosecuted for battery and violation of an injunction for protection, which offenses were the foundation for the contempt. According to Hernandez, Dixon "established that the Double Jeopardy Clause prohibits the subsequent prosecution for a substantive offense that underlies a criminal contempt charge for which one has been convicted. It also holds the converse, i.e., subsequent prosecution for criminal contempt, the basis of which is a substantive offense for which a conviction has been obtained, violates the Double Jeopardy Clause."
The State contends each offense contains an element the other does not: the criminal contempt requires taking the child without prior consent of the other party in writing; and the removal offense requires that the removal be beyond the limits of the state, not merely beyond the Second Judicial Circuit. Also, the removal offense contains an alternate element of concealment of the child, which could occur within the Second Judicial Circuit. Appellant responds that the contempt required violation of the court order, and the elements of the removal offense are violation of the court order and removal from the state or concealment, therefore, one who violates the statute is necessarily in violation of the court order. Further, since violating the court order requires taking the child without written consent, so does violation of the statute, and alternate ways of violating the statute are irrelevant because the contempt does not contain an element not included in the statutory offense. We agree with appellant.
"The focus in doing a Blockburger analysis is on the statutory elements of the offenses and not on the accusatory pleadings or proof *449 to be adduced at trial in a particular case." State v. Miranda, 644 So.2d 342 (Fla. 2d DCA 1994). In the present case, each offense does not include a separate element. While it would be possible to violate the court order by taking the child out of the Second Circuit without written consent, without also violating the statute, which requires removal from the state or concealment, it would not be possible for appellant to violate the statute without also violating the September 17 court order, for which he had already been held in contempt, because the statute requires that the removal be in violation of a court order.
In Hernandez, the contempt based on simple battery "was incorporated into and could not be abstracted from the injunction for protection which was violated." Richardson v. Lewis, 639 So.2d 1098, 1100 (Fla. 2d DCA 1994). Similarly, in the present case, the contempt based on violation of the temporary custody order cannot be abstracted from the statutory offense. Compare State v. Murray, 644 So.2d 533 (Fla. 4th DCA 1994) (DUI and civil traffic infraction each require proof of element the other does not); State v. Miranda, 644 So.2d 342 (Fla. 2d DCA 1994) (aggravated stalking and injunction each required proof of elements the other did not); State v. Dean, 637 So.2d 355 (Fla. 1st DCA 1994) (DUI prosecution required proof of elements not contained in previous civil traffic infractions, and civil traffic infractions required proof of elements not contained in DUI).
A review of the record indicates the initial information for violation of section 787.04 had been filed well before appellant was found to be in indirect criminal contempt for violation of the temporary custody order. The Order on Indirect Criminal Contempt gives no indication of any participation in that proceeding by the state attorney's office,[1] although it indicates the public defender's office did participate. Although it is not possible to be certain, based on the record before us, there is some indication that the state attorney's office at least was aware of that contempt proceeding, and perhaps even initiated it. Although it does not affect resolution of the double jeopardy issue, the question of the state attorney's participation is of great concern because, in cases like the present one, a prior criminal contempt proceeding will foreclose the prosecutor from pursuing the statutory offense.
REVERSED in part and AFFIRMED in part.
JOANOS and LAWRENCE, JJ., concur.
BENTON, J., concurs and dissents with opinion.
BENTON, Judge, concurring and dissenting.
I would reverse and remand for a new trial on counts three and four. Appellant's convictions for falsely imprisoning his wife and for using the firearm he kept in their home to accomplish her detention (from which she liberated herself by walking out the front door in plain view of the appellant who, by her own account, never laid a hand on her) rest in part on her competent and incriminating testimony. But the victim's sister and her friend were permitted to testify over objection to the victim's version of events, as related to them by the victim. Neither of these witnesses was present when the confrontation took place. Their testimony was hearsay and should have been excluded.
NOTES
[1] We note that a similar situation occurred in Dixon with regard to appellant Foster. His estranged wife prosecuted the action for contempt for violation of the civil protection order. The Court noted that "the United States was not represented at trial, although the United States Attorney was apparently aware of the action, as was the court aware of a separate grand jury proceeding on some of the alleged criminal conduct." ___ U.S. at ___, 113 S.Ct. at 2854. The subsequent prosecution of Foster for assault failed the Blockburger test and was barred by the double jeopardy clause, although four additional charges survived the test.