676 So.2d 408 (1996)
STATE of Florida, Petitioner,
v.
Robert L. JOHNSON, Respondent.
No. 84854.
Supreme Court of Florida.
April 4, 1996.
Rehearing Denied July 11, 1996.
*409 Robert A. Butterworth, Attorney General and Michael J. Neimand, Assistant Attorney General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
SHAW, Justice.
We have for review State v. Johnson, 644 So.2d 1028 (Fla. 3d DCA 1994) which expressly and directly conflicts with the opinion in State v. Miranda, 644 So.2d 342 (Fla. 2d DCA 1994). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We are called upon to determine whether double jeopardy bars prosecution for aggravated stalking under the following circumstances: In March 1993, Robert L. Johnson was served with a permanent injunction prohibiting him from (1) engaging in any criminal offense resulting in physical injury to Andrea Green; (2) entering her place of residence; or (3) place of employment; (4) abusing; (5) threatening; (6) harassing; or (7) contacting her. Johnson violated the terms of the injunction by twice contacting Green and entering her place of residence. On June 23, 1993, Johnson pled no contest to the state's petition for rule to show cause why he should not be held in contempt of court.
Based upon Johnson's conduct in contacting Green and entering her residence, the state on May 28, 1993, filed an information charging him with aggravated stalking under section 784.048(4), Florida Statutes (1993), which provides in pertinent part:
(1) As used in this section:
(a) "Harasses" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
(b) "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct." Such constitutionally protected activity includes picketing or other organized protests.
....
(4) Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Johnson's motion to dismiss the information on double jeopardy grounds was granted by the trial court and affirmed by the Third District Court of Appeal.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court formulated the test to determine whether two offenses are the same for double jeopardy purposes in the context of multiple punishments. The defendant in Blockburger was convicted of violating two sections of the Harrison Narcotic Act[1] by proof of a single sale of narcotics. The Court held that although both violations resulted from a single narcotics sale, the offenses were distinct because "each provision require[d] proof of an additional fact which the other [did] not." Id. at 304, 52 S.Ct. at 182. For a period of time thereafter, the Court continued to focus on the elements of offenses to determine if they were the same for double jeopardy analysis. *410 See Illinois v. Vitale, 447 U.S. 410, 416, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).
In 1990, the Supreme Court again addressed the issue of the double jeopardy bar as it relates to multiple prosecutions flowing from the same conduct or episode. In Grady v. Corbin, 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), the Court determined that defendants required more protection from exposure to double jeopardy than Blockburger provided and adopted the suggestion set forth in Vitale which examined the defendant's underlying conduct. The defendant in Grady was involved in an auto accident and pled guilty to driving while intoxicated and failing to keep to the right of the median. Two months later, Grady was charged with reckless vehicular manslaughter, negligent manslaughter and other charges stemming from the same accident. The Court concluded that the prosecutions for homicide and assault were barred because to establish those offenses, the state would have to prove the same conduct for which Grady had already been convicted driving while intoxicated and failing to stay to the right of the median. The Grady Court held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." After Grady, a subsequent prosecution had to survive the Blockburger test and the same-conduct test to avoid a double jeopardy bar.
Three terms later, in United States v. Dixon, 509 U.S. 688, 703, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993), the Court overruled Grady because the same-conduct rule was a continuing source of confusion and lacked constitutional roots. The Dixon Court held that Blockburger was to be the sole method used to determine whether multiple punishments and successive prosecutions are subject to the double jeopardy bar.[2]Id. at ___, 113 S.Ct. at 2856. The Blockburger test, sometimes referred to as the same-elements test, "inquires whether each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution." Id.
The Blockburger test, has been codified in Florida at section 775.021, Florida Statutes (1995), which provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
For double jeopardy analysis, in applying section 775.021 to a single criminal transaction or episode, we look to see whether the episode constitutes more than one separate criminal offense. Offenses are separate if each offense requires proof of an element that the other does not. In the instant case, our double jeopardy examination is limited to a comparison of the violated conditions of the *411 injunction and the statutory language of the aggravated stalking offense.
Johnson committed one criminal offense when, in contravention of a court injunction, he contacted Green and entered her place of residence. The only elements necessary to prove the contempt offense were knowledge of the injunction and a willful violation of that injunction. He was also charged with a second offenseaggravated stalking. The statutory elements of aggravated stalking under section 784.048(4) are knowledge of an injunction and knowingly, willfully, maliciously, and repeatedly following or harassing the beneficiary of the injunction. Each of the two offenses contains an element not contained in the other. Criminal contempt requires proof of entering the residential premises, which the aggravated stalking offense does not; aggravated stalking requires proof of maliciousness which the contempt offense does not.
The district court's reliance on Dixon for its conclusion that aggravated stalking is "a species of lesser-included offense" and that the substantive charge is subsumed under the language of the injunction is misplaced. "[T]he Blockburger test by its very nature is designed to distinguish between ... crimes that are `necessarily lesser included' offenses and ... crimes that are not." State v. Weller, 590 So.2d 923, 926 (Fla.1991). If two statutory offenses are separate under the Blockburger test, then the lesser offense is not deemed to be subsumed by the greater. Id. Here, the two offenses are separate. The test is not whether Johnson could have committed aggravated stalking without violating the injunction. As pointed out above, the test is whether each offense requires proof of an element that the other does not.
We hold that aggravated stalking and Johnson's violation of the injunction are separate offenses, and double jeopardy does not bar a subsequent prosecution. Accordingly, we quash the decision below and approve the Second District's decision in State v. Miranda, 644 So.2d 342 (Fla. 2d DCA 1994).
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
KOGAN and ANSTEAD, JJ., dissent.
NOTES
[1] 26 U.S.C. § 692 (1926) (prohibiting sale or distribution of narcotics except in or from the original stamped package); 26 U.S.C. § 696 (1926) (prohibiting sale of narcotics except in pursuance of a written order of the purchaser).
[2] The Court held that protection against double jeopardy attaches in nonsummary criminal contempt prosecutions just as it does in other criminal prosecutions. Dixon, 509 U.S. at ___, 113 S.Ct. at 2856.