PER CURIAM.
The state challenges the trial court’s order dismissing the charges filed against the ap-pellee, Pedro R. Gonzalez. We reverse.
Appellee was charged by information with one count of RICO in violation of section 895.03(3), Florida Statutes (1993), and three counts of cashing or depositing an item with intent to defraud in violation of section 832.05(3), Florida Statutes (1993). Appellee filed a motion to dismiss these charges on the basis of double jeopardy because he had pled guilty approximately one month earlier to a charge of grand theft which involved the same deposits and withdrawals in the prosecution of the new charges. The trial court granted the appellee’s motion and dismissed the charges. The state filed a timely notice of appeal.
The trial court erred in holding that the appellee’s prosecution on the RICO and cashing or depositing an item with intent to defraud charges was barred by double jeopardy because these charges arose from the exact conduct that had led to the charge of grand theft. The test to be applied to determine whether the subsequent prosecution is barred by double jeopardy is the “same elements” test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). State v. Miranda, 644 So.2d 342 (Fla. 2d DCA 1994). The “same conduct” test has been rejected by this court. State v. Miranda, 644 So.2d at 344.
Applying the Blockburger same elements test to the instant case demonstrates that the subsequent prosecution does not constitute double jeopardy. The cashing or depositing an item with intent to defraud charges and the grand theft charge each require an element of proof that the other does not. See Henderson v. State, 572 So.2d 972 (Fla. 3d DCA 1990), approved 583 So.2d 1030 (Fla.1991). The RICO charge and the grand theft charge also each require an element of proof that the other does not. See Cherry v. State, 592 So.2d 292 (Fla. 2d DCA 1991).
We reverse the dismissal of the RICO and the cashing or depositing an item with intent *936 to defraud charges and remand for further proceedings.
THREADGILL, C.J., and SCHOONOVER and WHATLEY, JJ., concur.