825 So.2d 1025 (2002)
Dennis James BATES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2023.
District Court of Appeal of Florida, First District.
September 6, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
ALLEN, C.J.
The appellant challenges the order by which the trial court denied his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Although we affirm the order under review, we write to address one of the appellant's claims.
The appellant was convicted of felony battery under section 784.03(2), Florida Statutes (1996), which provides that when a person has two prior convictions for battery, a third or subsequent conviction for battery will be a felony of the third degree. After having been convicted of felony battery, the appellant was then sentenced as a habitual offender. He argues that his sentence violates the proscription against double jeopardy because his crime was first enhanced from a misdemeanor to a felony, and then enhanced again under the habitual felony offender statute.
Similar challenges have been presented as to habitual felony offender sentences imposed following convictions under the very closely analogous felony petit theft statute, which provides that when a person has two or more prior convictions for theft, a subsequent conviction for petit theft will *1026 be a felony of the third degree. The supreme court has rejected these challenges, concluding that imposition of a habitual felony offender sentence following a conviction of felony petit theft does not violate double jeopardy principles because felony petit theft is a separate substantive offense and not a mere enhancement of the crime of petit theft. See Gayman v. State, 616 So.2d 17 (Fla.1993). Because the legal analyses required to address the issues in Gayman and in the present case appear to us materially indistinguishable, the resulting holdings must be consistent. We accordingly conclude that there was no double jeopardy violation in the present case because section 784.03(2) felony battery is a separate substantive offense and not a mere enhancement of the crime of battery.
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.