827 So.2d 1075 (2002)
William Edward YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1634.
District Court of Appeal of Florida, Fifth District.
October 11, 2002.
*1076 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
William Edward Young ("Young") appeals his convictions for simple battery and for violation of an injunction by repeat violence. Young contends that the proscription against double jeopardy bars the dual convictions, and the trial court erred in denying his motion for a mistrial. We agree that the convictions for simple battery and violation of an injunction enjoining battery are barred. However, we find no error in the denial of Young's motion for a mistrial.
Young argues that his convictions for violating the injunction against repeat violence[1] and simple battery[2] constitute a violation of double jeopardy principles. Double jeopardy rights are fundamental and can be raised at any time. See Holliday v. State, 781 So.2d 496 (Fla. 5th DCA 2001). The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the legislature intended to authorize separate punishments for the two crimes. Gordon v. State, 780 So.2d 17, 19 (Fla. 2001). Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger[3] test, codified in section 775.021, Florida Statutes (2000), to determine whether separate offenses exist. Id. at 19-20.
Section 775.021(4) provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one *1077 criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Thus, the Blockburger test, or the "same-elements" test, inquires whether each offense has an element that the other does not. Id. at 20. If so, then they are considered separate offenses, and the defendant may be convicted and punished for each offense. Id.
In the instant case, Young was convicted of violating section 784.047, Florida Statutes (2000), which proscribes willfully violating an injunction for protection against repeat violence by committing an act of repeat violence against the petitioner. Section 784.046(1)(a) defines violence as, "any assault, battery, sexual battery, or stalking by a person against any other person." (Emphasis added). Thus, section 784.047 is violated by willfully committing an enumerated act of violence. Young was convicted of violating the injunction by committing a battery. Because the crime of battery does not contain any elements distinct from the elements of a violation of section 784.047, the crimes are not separate under the Blockburger test. Compare, State v. Johnson, 676 So.2d 408 (Fla. 1996) (successive prosecutions for contempt and aggravated stalking were not barred because each offense contained an element the other did not: the contempt offense required violations of prohibitions listed in the injunction, including entering the victim's residence, while the aggravated stalking offense did not; also, the contempt offense required a knowing and willful violation of the injunction, while the aggravated stalking offense required knowledge of the injunction and knowingly, willfully, maliciously, and repeatedly following or harassing the beneficiary of injunction).
Furthermore, we conclude that in the instant case the crime of battery was subsumed by the crime of violating the injunction. Section 775.021(4)(b) provides that the intent of the legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode, but section 775.021(4)(b) 3. excepts "Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." In the companion case in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), which involved seriatim prosecutions, Michael Foster's wife obtained a civil protection order ("CPO") against him because of alleged physical attacks. Id. at 692, 113 S.Ct. 2849. The CPO required that Foster not, "molest, assault, or in any manner threaten or physically abuse" his wife. Id. (emphasis added). Foster subsequently attacked his wife and was charged with multiple counts, including simple assault, assault with intent to kill, and violating the CPO. Id. at 693, 113 S.Ct. 2849. In holding that the convictions for the CPO violation and for simple assault violated the proscription against double jeopardy, the Court reasoned that "assault" as listed in the CPO had the same meaning as "assault" in the criminal code. Id. at 700, 113 S.Ct. 2849. The Court held that when a person violates a court order through the commission of an incorporated offense, the later attempt to prosecute for the incorporated offense is barred. Id. at 698, 113 S.Ct. 2849.
Although Dixon and Johnson involved successive prosecutions and the instant case involves simultaneous prosecutions, *1078 Dixon teaches that Young's simple battery was incorporated in, or subsumed by, the offense of violating the injunction, and, similarly, the analysis employed in Johnson demonstrates that the two crimes for which Young was convicted are not separate under the Blockburger test. Accordingly, Young should not have been convicted of both offenses.
Young also contends that the trial court erred in denying his motion for a mistrial because the victim testified about collateral bad acts committed by Young. We conclude that any error was rendered harmless by defense counsel's failure to object earlier in his line of questioning and by his continuing to elicit the allegedly objectionable responses.
Since the conviction for violating the injunction carries a greater sentence than the subsumed offense of simple battery, we vacate the conviction for simple battery. See Mendez v. State, 798 So.2d 749, 750 (Fla. 5th DCA 2001).
AFFIRMED IN PART; SIMPLE BATTERY CONVICTION VACATED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] § 784.047, Fla. Stat. (2000).
[2] § 784.03(1)(a), Fla. Stat.(2000).
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).