ALLEN, J.
The state appeals an order dismissing a felony battery charge that was being prosecuted after the appellant had been found to be in contempt of court for violating a domestic violence injunction which prohibited the appellant from committing various acts of violence against the battery victim. In dismissing the felony battery charge the court ruled that the prosecution is precluded by principles of double jeopardy, in that the contempt was predicated on the same battery. However, the contempt and the felony battery each require proof of an element the other does not, and the felony battery prosecution does not violate double jeopardy protections and that charge should not have been dismissed.
The domestic violence injunction was intended to keep the appellant from committing certain acts of violence, with battery specifically being listed as one of the prohibited acts. In the contempt order it was found that the appellant had violated the injunction by committing such a battery. That adjudication was entered in a manner which made it a criminal contempt, as described in Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977). Double jeopardy protections pertain upon that type of contempt, as indicated in cases such as Richardson v. Lewis, 639 So.2d 1098 (Fla. 2d DCA 1994). See also United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). However, double jeopardy does not necessarily preclude a separate criminal prosecution for felony battery in that this is a question of legislative intent, as to whether the legislature has authorized the subsequent prosecution in these circumstances. See e.g. M.P. v. State, 682 So.2d 79 (FIa.1996); see also Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
The Florida legislature has stated its intent in section 775.021(4), Florida Statutes. That enactment provides for convictions and sentences on multiple offenses arising from one incident if each offense requires proof of an element the other
*1281 does not, and except for crimes which are degrees of the same offense as provided by statute or when one of the crimes is a lesser offense of the other and the statutory elements are subsumed by the greater offense. See § 775.021(4)(a), (b), Fla. Stat. Application of the section 775.021(4) standard has resulted in criminal contempt adjudications and convictions for related substantive offenses being allowed' when the substantive offense is not subsumed within the act of contempt. See State v. Johnson, 676 So.2d 408 (Fla.1996); Richardson, supra. On the other hand, when the elements of the substantive offense are entirely subsumed within an adjudication or conviction for violation of an injunction, separate convictions for the substantive offenses have been precluded under section 775.021(4). See Doty v. State, 884 So.2d 547 (Fla. 4th DCA 2004); Young v. State, 827 So.2d 1075 (Fla. 5th DCA 2002). This focus on the elements of the offense, rather than the conduct involved, likewise pertains under the Supreme Court’s decision in Dixon, supra. See also State v. Miranda, 644 So.2d 342 (Fla. 2d DCA 1994).
The appellant’s contempt adjudication required proof that he violated the injunction order, with the particular violation being based on the commission of a battery as defined in section 784.03(1), Florida Statutes. The existence of the injunction, and the appellant’s knowledge of that order, were necessary elements of the contempt. Johnson, supra. The separate felony battery charge was brought under section 784.03(2), Florida Statutes, with this offense being statutorily defined as the commission of a battery by a person who has a prior battery conviction. The prior battery conviction is a necessary element of this offense. R.R. v. State, 920 So.2d 146 (Fla. 5th DCA 2006). Because the contempt adjudication did not require a prior battery conviction, and the felony battery does not require the existence or knowledge of an injunction order, the contempt and the felony battery each require proof of an element the other does not and neither offense is entirely subsumed within the other. Furthermore, a section 784.03(2) felony battery is not an enhancement or degree of a section 784.03(1) battery, and is instead a separate substantive offense. See Bates v. State, 825 So.2d 1025 (Fla. 1st DCA 2002).
Section 775.021(4) permits the felony battery prosecution in these circumstances. That prosecution thus does not violate double jeopardy protections, and the felony battery charge should not have been dismissed. The appealed order is therefore reversed, and the case is remanded.
VAN NORTWICK and LEWIS, JJ., concur.