ON MOTION FOR REHEARING
COBB, Judge.
We consider appellant’s motion for rehearing in light of the recent Florida Supreme Court opinion in State v. Smith, 547 So.2d 613 (Fla. 1989). That opinion requires that we apply the legal analyses explicated in Carawan v. State, 515 So.2d 161 (Fla. 1987) to cases involving crimes committed prior to July 1, 1988. The facts giving rise to the instant charges occurred on November 20, 1987.
The issue is whether Adams can be validly convicted for both burglary of a conveyance with a battery therein and aggravated battery as a result of a single criminal episode involving one battery. In Cara-wan the Florida Supreme Court receded from its prior holding in State v. Rodriguez, 500 So.2d 120 (Fla.1986), which found that a defendant could be convicted of both grand theft and robbery based on the same underlying act.
Under Carawan a conviction of grand theft is precluded by a robbery conviction (which has theft as an element) when there is a single taking. By analogy, Adams cannot be convicted of both aggravated battery and for the battery serving as an aggravating factor of the burglary where there is only one underlying act of battery.
Burglary of a conveyance accompanied by a battery upon a person is a first degree felony; aggravated battery is a second degree felony. Therefore, we vacate the aggravated battery conviction. See State v. Barton, 523 So.2d 152 (Fla.1988).
Accordingly, we withdraw our previous opinion herein and substitute the foregoing opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DANIEL, C.J., and DAUKSCH, J., concur.