HARRIS, Judge.
Troy Allen Hall pled guilty to one count of possession of obscenity depicting children, a third degree felony. He was initially improperly sentenced as an habitual offender. The trial judge corrected this error and scheduled him for resentencing.
At resentencing, the State attempted to correct the original seoresheet by adding points for two previous convictions for lewd and lascivious behavior shown on the presen-, tence investigation report but not reflected on the original seoresheet. The court refused to correct the seoresheet because there had been no objection to the original seore-sheet. This was error. As stated in Erickson v. State, 565 So.2d 328, 336 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (Fla.1991):
The committee notes to Florida Rule of Crim.Pro. 3.701(d)(1) place on the sentencing court the ultimate responsibility of assuring that scoresheets are accurately prepared. In order to reach a fully informed sentencing decision, the trial court must have the benefit of an accurately prepared seoresheet. This requirement applies even if the trial court expresses an intention to impose the maximum statutory sentence at the sentencing hearing. The rationale for the rule is that the trial court might have imposed a different sentence had it the benefit of a corrected seoresheet. Thus, when a discrepancy concerning the score-sheet is brought to the sentencing court’s attention, the court should resolve the discrepancy and correct the seoresheet to reflect the accurate numbers, (citations omitted).
It appears from the record that had the trial court permitted the correction of the seoresheet, the State may have been able to establish that two previous convictions for lewd and lascivious behavior had been inadvertently omitted from the original score-sheet. We reverse and again remand for the preparation of a correct seoresheet and re-sentencing.
REVERSED and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.