662 So.2d 1016 (1995)
Art CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2222.
District Court of Appeal of Florida, Fifth District.
November 17, 1995.
James B. Gibson, Public Defender, and Daisy G. Clements, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
*1017 W. SHARP, Judge.
Crawford was convicted of aggravated battery[1] on the occupant of a dwelling, Herbert Lamb IV, and first degree burglary, because in the course of the burglary, Crawford committed a battery on Lamb.[2] He argues on appeal that he was improperly convicted of both crimes because only one battery was involved in both crimes. We agree and reverse the aggravated battery conviction and sentence.
In this case, the evidence at trial established that Crawford broke into a residence and attacked Lamb as he lay sleeping on a couch. Lamb's sister testified she saw Crawford hit Lamb with a hammer. The aggravated battery on Lamb formed the basis for the burglary charge as well as the aggravated battery charge, and the proof at trial only established this attack on Lamb by Crawford with the hammer. Other aggravated batteries on two different victims were charged in the same information, but the jury returned a not guilty verdict as to those counts.
In Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989), this court held that it was improper to convict and sentence a defendant for both first degree burglary, and the battery which was used to enhance the burglary, from a second degree to a first degree felony crime. Judge Cowart observed that the Legislature has made the offense of burglary punishable on three different levels. It is punishable at the highest level, a first degree felony, if in the course of the burglary the defendant makes an assault or battery on any person, or is armed or arms himself. Thus the battery element of a first degree burglary crime can be viewed either as an enhancement factor of that crime, necessarily included in it, or as a species of a degree of the same crime of burglary.
Pursuant to section 775.021(4)(b), the Florida Legislature has expressly stated its intent not to impose multiple punishments for:
(1) offenses which require identical elements of proof.
(2) offenses which are degrees of the same offense as provided by statute.
(3) offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
However one chooses to analyze the crimes involved in this case, as being a degree crime of the same crime or subsumed because the battery was used to enhance the burglary,[3] or one being necessarily included in the other,[4] it is improper under this statute to convict for both.
It is unnecessary, and improper, to go further and state, as some courts have done, that convictions for both crimes in this type of case violates the double jeopardy provisions of the Florida or the United States Constitutions. Where a court can reach its result without resorting to constitutional grounds, it should do so. See Braggs v. State, 642 So.2d 129, 133 n. 10 (Fla. 3d DCA 1994); Spradley v. State, 537 So.2d 1058 (Fla. 1st DCA 1989); Smith v. State, 358 So.2d 1137, 1138 (Fla. 3d DCA 1978).
At this point it is not clear that the United States Supreme Court has held that the federal double jeopardy clause is violated by a state imposing multiple punishments in the context of a single prosecution. Analyzing Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Florida Supreme Court said:
With respect to cumulative sentences in a single trial, the dispositive question is whether the legislature intended separate convictions and sentences for the two crimes. As the [US] Supreme Court succinctly put it, `with respect to cumulative sentences in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from proscribing greater punishment than the legislature *1018 intended... . The sole issue is legislative intent.'
State v. Smith, 547 So.2d 613, 614 (Fla. 1989).
In addition, the Florida Supreme Court has not yet applied Florida's double jeopardy provision to bar multiple convictions in the context of a single prosecution. See Smith, 547 So.2d at 613. At this point, these kinds of issues are resolved by applying section 775.021, and other applicable statutes, to determine what the Legislature intended. See Spradley. Since the double jeopardy provisions of both constitutions, federal and state, have been given no independent or additional meaning or effect beyond that of construing the statutes in the context of a single prosecution, any effort at making a constitutional analysis comes up empty.
Accordingly, we reverse the appellant's conviction for aggravated battery, and sentence, and remand for resentencing on the remaining conviction for first degree burglary.
REVERSED in part; REMANDED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] § 784.045(1)(a)(2), Fla. Stat. (1991).
[2] § 810.02(1) and (2)(a), Fla. Stat. (1991).
[3] See Foster v. State, 596 So.2d 1099 (Fla. 5th DCA 1992), approved, 613 So.2d 454 (Fla. 1993); Adams v. State, 547 So.2d 333 (Fla. 5th DCA 1989); Ellison v. State, 545 So.2d 480 (Fla. 5th DCA 1989);
[4] See Watson v. State, 646 So.2d 288 (Fla. 2d DCA 1994); Spradley v. State, 537 So.2d 1058 (Fla. 1st DCA 1989).