693 So.2d 46 (1997)
Brian GUINTO, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3692.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
Rehearing and Rehearing Denied May 20, 1997.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied May 20, 1997.
WARNER, Judge.
The appellant challenges his convictions and sentences for armed burglary with a firearm, aggravated battery with a firearm, attempted sexual battery with a firearm, and aggravated assault with a firearm. He first claims that the evidence was insufficient to prove that battery was committed with a firearm. He also claims that he cannot be convicted and sentenced for both attempted sexual battery while armed and aggravated assault with a firearm where both charges are based on the same assault. We affirm the conviction for aggravated battery with a firearm. We reverse the conviction and sentence for aggravated assault with a firearm based on a violation of double jeopardy.
The victim and her girlfriend were accosted in their apartment by the appellant.
*47 Pointing a gun at the victim, he asked both women for money. Then he tried to get the victim to perform oral sex on him. When the victim attempted to push appellant away, he struck her hard in the face. The only issue raised by appellant as to his conviction is whether the state proved that he hit the victim with his gun while he was attempting to force himself on her. The appellant contends that all of the state's proof was circumstantial, and the state failed to disprove his hypothesis that he hit her with his hand instead of the gun. The appellant, however, fails to note that the victim's girlfriend testified that she observed appellant hit her with the gun. Thus, there is no merit to appellant's position. We therefore affirm appellant's conviction for aggravated battery with a firearm.
Appellant also claims that convictions for both attempted sexual battery with a firearm and aggravated assault with a firearm cannot lawfully be imposed because aggravated assault is a category two lesser included offense of the offense of sexual battery with the use or threat of force. Appellant cites to Blanchard v. State, 634 So.2d 1118 (Fla. 2d DCA 1994), in which the court held that convictions for both battery and false imprisonment could not stand as battery was a permissible lesser included offense of the crime of false imprisonment, citing to Sirmons v. State, 634 So.2d 153 (Fla.1994). Sirmons construed section 775.021(4), Florida Statutes (1989), as prohibiting dual convictions of robbery with a weapon and grand theft of an automobile all arising out of the same taking of an automobile at knife point. Grand theft is a permissive lesser included offense of robbery with a weapon. Fla. Std. Jury Instr. (Crim.) 294.
In Boler v. State, 678 So.2d 319 (Fla.1996), the supreme court addressed the application of the double jeopardy clause to multiple convictions and multiple punishments from the same conduct. Interpreting United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the Boler court concluded that:

Dixon leaves intact only one analysis for determining whether a successive prosecution or a successive punishment is prohibited by the Double Jeopardy Clause: the Blockburger [ v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] "same elements" test. This test inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution....
678 So.2d at 321 (footnote and citations omitted).
The Blockburger test was adopted in Florida with several exceptions. Section 775.021(4)(a), Florida Statutes (1993), provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense.... For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
The Legislature also added other exceptions to this rule of construction in subsection (4)(b):
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b) (emphasis supplied). Justice Kogan, in concurring in Sirmons, concluded that exception three was the legislative prohibition of multiple convictions and punishments for lesser included offenses where the greater charge is proved. Sirmons, 634 So.2d at 155.
In this case we must decide whether the aggravated assault here was a lesser *48 included offense of the attempted sexual battery. The supreme court held many years ago that indecently fondling a chaste, unmarried female under the age of 18 with the intent to have sexual intercourse constituted an assault with the intent to commit a felony. Phillips v. State, 93 Fla. 112, 111 So. 515 (1927). We think the same result obtains here. An aggravated assault requires an assault with either (a) a deadly weapon without the intent to kill or (b) the intent to commit a felony. § 784.021, Fla. Stat. (1993). An assault is the intentional, unlawful threat by word or act to do violence to a person with the apparent ability to do so which creates a well-founded fear in such person that violence is imminent. § 784.011(1), Fla. Stat. (1993). An attempted sexual battery in violation of sections 794.011(3) and 777.04(1), Florida Statutes (1993), requires (1) a specific intent to commit a sexual battery, and (2) an ineffectual act to commit the crime. Miller v. Dugger, 565 So.2d 846 (Fla. 1st DCA 1990). A sexual battery under section 794.011(3) occurs when "[a] person ... commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury...." When one attempts to commit sexual battery with a firearm pursuant to that section, one is attempting to commit a felony (sexual battery) with the use of violence or a deadly weapon. Thus, one cannot commit an attempted sexual battery without also committing an aggravated assault. Cf. Fierro v. State, 653 So.2d 447 (Fla. 1st DCA 1995).
In this case, the appellant's attempt to have the victim perform oral sex on him constituted an assault with the intent to commit a felony. The two are one and the same, and both the statute and the double jeopardy clause prohibit multiple convictions and punishments for both charges. We therefore reverse the conviction and sentence for the lesser charge of aggravated assault with a firearm.
As to the appellant's claim of scoresheet errors, appellant's attorney lodged no objection to the scoresheet, actually agreeing with it so as to avoid its recalculation and the inclusion of omitted prior offenses. However, upon remand the scoresheet will have to be recalculated in any event to delete the points for the aggravated assault. Because the scoresheet is being recalculated, and the state is allowed to include omitted prior convictions on resentencing, see State v. Hall, 662 So.2d 438 (Fla. 5th DCA 1995), the appellant should also have the opportunity to challenge the new scoresheet. The end to be achieved is for the trial court to sentence based upon an accurate scoresheet so that it can be fully informed in pronouncing sentence.
Affirmed in part; reversed in part; remanded for resentencing.
PARIENTE and STEVENSON, JJ., concur.