711 So.2d 1277 (1998)
Norman Gary BILLIOT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2458.
District Court of Appeal of Florida, First District.
May 20, 1998.
Rehearing Denied June 22, 1998.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
KAHN, Judge.
Appellant Norman Gary Billiot appeals from a judgment and sentence for first degree burglary with a battery, two counts of aggravated battery, and two counts of aggravated assault. He raises two issues on appeal: (1) whether the trial court erred in enhancing his sentence pursuant to section 775.0845, Florida Statutes for use of a mask *1278 during commission of the assaults in counts 5 and 6 where the information did not charge that he wore a mask during the commission of those offenses; and (2) whether his convictions for both the first degree burglary and the two aggravated batteries violated the prohibition against double jeopardy. We affirm on both issues.
The trial court did not commit reversible error by enhancing appellant's sentence for use of a mask. The case law has allowed a plea to supply the missing elements from an indictment or information. See Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla.1979)(holding plea of guilty to the crime of battery of a law enforcement officer, after the state had properly established a factual basis, constituted a tacit amendment to the information to charge the offense); Hope v. State, 588 So.2d 255, 258 (Fla. 5th DCA 1991)(holding that "pleading to an offense acknowledging the existence of unpled essential elements, implicitly amends the information to include them."). In Burns v. State, appellant was charged with larceny and entered a guilty plea to grand larceny. 300 So.2d 317 (Fla. 2d DCA 1974). On appeal he asserted that he could not be adjudicated guilty of a crime with which he was not charged. The court affirmed the conviction on the basis that the plea and proceedings in open court constituted a mutually agreeable amendment of the accusatory writ. Burns v. State, 300 So.2d at 318. In Brlecic v. State, the court again held that "the factual basis given in connection with the plea supplied the missing element of the first degree burglary thereby implicitly amending the information." 456 So.2d at 503, 505 (Fla. 2d DCA 1984). In Brlecic, appellant was adjudicated guilty of first degree burglary even though the amended information charged only burglary of the second degree. The reviewing court indicated that in view of the lower court's diligent efforts to ensure appellant understood the consequences of his plea, there could be no possibility that appellant could have been misled or prejudiced by the amended charging document.
Here, the information likewise was implicitly amended. The trial court stated:
THE COURT: In Counts 5 and 6, you are charged with aggravated assault with a firearm on an elderly person with a mask during the commission of the offense. Again those two offenses are 30 year felonies or maximum sentence of possibly 30 years along with a $10,000 fine, and a three-year mandatory minimum sentence along with 500 hours of community service work being imposed in addition to the state prison sentence.
Do you understand those are possible or potential sentences?
THE DEFENDANT: Yes, Your Honor.
The court specifically advised appellant that he was charged with the use of a mask. The plea which appellant signed also listed counts 5 and 6 as "aggravated assault with a firearm on an elderly person with a mask...." At the plea hearing and in the agreement, appellant admitted his multiple offenses and stipulated that there was a sufficient factual basis for the plea.
Criminal procedure rules are not intended to furnish a procedural device to escape justice. Stang v. State, 421 So.2d 147, 149 (Fla.1982). The test for granting relief based on a defect in the charging document is actual prejudice. In Hoffman v. State, for example, the court permitted the state to amend its statement of particulars during trial when there was no prejudice to the defendant. 456 So.2d 503 (Fla. 2d DCA 1984). Here, appellant makes no credible claim of prejudice.
On the second issue, we affirm both the first degree burglary conviction and the aggravated battery convictions. Section 775.021(4)(a) and (b), Florida Statutes, provide:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other *1279 does not, without regard to the accusatory pleading or the proof adduced at trial. (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Aggravated battery and first degree burglary do not require identical elements of proof, are not degrees of the same offense and do not fall within category three as lesser offenses the statutory elements of which are subsumed by the greater. But see Whatley v. State, 679 So.2d 1269 (Fla. 2d DCA 1996)(issue of whether prohibition against double jeopardy was violated when defendant was convicted of first degree burglary and also convicted of aggravated battery used to enhance burglary had sufficient merit that appellate counsel's failure to raise issue violated defendant's right to effective assistance of counsel).
There are numerous cases holding that simple battery is a lesser included offense of burglary with a battery because the elements of simple battery are subsumed in the first degree burglary charge. See, e.g., Bronson v. State, 654 So.2d 584 (Fla. 2d DCA 1995); Watson v. State, 646 So.2d 288 (Fla. 2d DCA 1994); Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989); Spradley v. State, 537 So.2d 1058 (Fla. 1st DCA 1989). Although the elements of simple battery are subsumed in first degree burglary, the elements of aggravated battery are not. First degree burglary for purposes of this case is the unauthorized entering or remaining in a dwelling with the intent to commit an offense therein and commission of a battery during the course of the offense. § 810.02(2)(a), Fla. Stat. (1995). Aggravated battery (with a deadly weapon) on an elderly victim, unlike simple battery, requires that the offender use a deadly weapon, section 784.045(1)(a)2., Florida Statutes, and that the battery be committed on a person 65 years of age or older, section 784.08, Florida Statutes. These elements distinguish the offense here from a simple battery, upon which first degree burglary must be predicated.
In Gaber v. State, the supreme court faced an analogous situation. 684 So.2d 189 (Fla.1996). Gaber was charged with both grand theft of a firearm and armed burglary. The court held that "[u]nder the plain meaning of section 775.021(4)(a), Florida Statutes (1993), a court is required to examine each of a defendant's convictions arising out of the same incident to determine whether `each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.' § 775.021(4)(a), Fla. Stat." 684 So.2d at 190. The court held that it could not examine facts from the record relevant to the claim that both offenses involve the single act of taking a firearm. Rather, the court explained that double jeopardy analysis must look only to the statutory elements of the offenses. No violation of double jeopardy principles occurs when two offenses at issue contain distinctly separate elements, even though they share a common element. Gaber; see also M.P. v. State, 682 So.2d 79 (Fla.1996)(no violation of the constitutional right not to be placed in double jeopardy where defendant was charged with carrying a concealed weapon, which requires proof of the element of concealment, and possession of a firearm by a minor, which requires the person possessing the weapon be under 18 years old). Here, although both offenses involve a battery, each contains elements that the other offense does not. No double jeopardy violation appears.
We respectfully disagree with Crawford v. State in which our sister court held that convictions for both aggravated battery and first degree burglary arising out of the same factual event are improper under 775.021(4)(b). 662 So.2d 1016 (Fla. 5th DCA 1995). The Crawford court reasoned that the defendant committed only one battery and that battery was used as an element of both first degree burglary and aggravated battery. This situation, however, appears to *1280 be contemplated by section 775.021(4). Specifically, subsection (b)1. requires identical elements of proof, suggesting that a single concurrent element is not enough to bar multiple convictions. Also, the Crawford analysis appears to overlook M.P. v. State in which one act of possession of a firearm properly resulted in convictions for two distinct offenses.
Aggravated battery and first degree burglary do not require identical elements of proof and are not degrees of the same offense. As we have stated above, aggravated battery, as opposed to simple battery, does not constitute a lesser offense the statutory elements of which are subsumed by the greater offense of first degree burglary.
AFFIRMED.
MINER and ALLEN, JJ., concur.