763 So.2d 418 (2000)
STATE of Florida, Appellant/Cross-Appellee,
v.
Robert J. REARDON, Appellee/Cross-Appellant.
Nos. 5D98-3154, 5D98-3221.
District Court of Appeal of Florida, Fifth District.
June 1, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellee/Cross-Appellant.

EN BANC
ANTOON, C.J.
Robert J. Reardon was found guilty by a jury of aggravated battery[1] and first degree burglary.[2] Relying on this court's decision in Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995), the trial court determined that convictions for both aggravated battery and first degree burglary constituted a violation of Mr. Reardon's protection against double jeopardy guaranteed by the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution. Accordingly, *419 the court entered the order of acquittal on the aggravated battery conviction from which the State of Florida appeals. We reverse and, in doing so, recede from our opinion in Crawford.
Mr. Reardon broke into a residence and stabbed Thomas Rawson while Mr. Rawson was taking a shower. After the incident, Mr. Reardon gave the police a tape-recorded statement admitting his actions. As a result of this conduct, Mr. Reardon was charged with attempted first degree murder and first degree burglary.
The matter went to trial and the jury found Mr. Reardon guilty of aggravated battery as a lesser included offense to the attempted first degree murder charge in count I and "burglary with an assault or battery and/or burglary while armed" in count II. The trial court granted Mr. Reardon's renewed post-trial motion for judgment of acquittal as to count I on the basis that "it would violate his double jeopardy rights to convict him of both Count I, Aggravated Battery, and Count II, Burglary with an Assault or Battery and/or Burglary while Armed." In explaining its ruling, the court stated, "Under Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995), a court may not sentence a defendant for both aggravated battery and burglary with battery where each offense arose from the same battery." The trial court then adjudicated Mr. Reardon guilty on count II and sentenced him to 100 months' imprisonment followed by 20 years' probation.
In Crawford, the defendant was convicted of committing an aggravated battery on the occupant of a dwelling and first degree burglary based upon evidence that, in the course of the burglary, the defendant committed a battery on the occupant of the dwelling. See Crawford, 662 So.2d at 1017. The defendant appealed his convictions arguing that he was improperly convicted of both crimes because only one battery was committed. Upon review, a panel of this court agreed, concluding that pursuant to paragraph 775.021(4)(b) of the Florida Statutes (1993), it was improper to convict the defendant on both charges. Id. We now, upon en banc consideration, recede from Crawford based upon our conclusion that there is no statutory or constitutional bar to the entry of convictions for both aggravated battery and burglary with a battery arising out of the same criminal episode.[3]
Section 775.021(4)(b), Florida Statutes (1997), states that it is the intent of the Legislature to convict and sentence a defendant for each offense he commits during the course of a single criminal episode. Thus, the Legislature clearly intended to separately punish burglary as enhanced and battery as enhanced. See §§ 810.02(1), (2)(a), 784.045(1)(a), Fla. Stat. *420 (1997). That does not end our inquiry, however. Section 775.021(4)(b) lists three exceptions to this rule of construction under which the offenses at issue must be tested. If burglary with a battery and aggravated battery come within any of the listed exceptions, then convictions for both offenses are precluded. The statute prohibits convictions for both offenses if the offenses are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
See § 775.021(4)(b)1.,2.,3., Fla. Stat. (1997).
Regarding the first and second exceptions, certainly burglary with a battery and aggravated battery do not require identical elements of proof. Although they both share the common element of battery, each offense in addition requires proof of elements not required by the other. As a result, the two offenses fail the "same elements" test described in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Also, the two offenses are not degrees of the same crime as provided by statute. Thus, the first two statutory exceptions do not apply.
As for the third exception, we conclude that exception is also inapplicable because neither offense is subsumed by the other under the facts presented in the instant case. While simple battery is a lesser included offense of burglary with a battery, see Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989), the same is not true of aggravated battery. Aggravated battery requires the use of a deadly weapon, an element not required for the offense of burglary with a battery. In reaching this conclusion, we join the First District in Billiot v. State, 711 So.2d 1277 (Fla. 1st DCA 1998), and the Second District in Washington v. State, 752 So.2d 16 (Fla. 2d DCA 2000), in holding that convictions for both aggravated battery and first degree burglary stemming from the same criminal episode do not violate the terms of the statute.
In Billiot, the First District construed the third exception in the identical context presented in our casedual convictions for aggravated battery and first degree burglary. The court affirmed both convictions, explaining:
Aggravated battery and first degree burglary do not require identical elements of proof, are not degrees of the same offense and do not fall within category three as lesser offenses the statutory elements of which are subsumed by the greater.
Billiot, 711 So.2d at 1279. In Washington, the Second District reached the same result, and in doing so, cited conflict with Crawford. See Washington, 752 So.2d at 17-18. Having decided to recede from Crawford, we must reverse the trial court's order of acquittal on count I, reinstate the jury's verdict of guilt, and remand for resentencing.
On cross appeal, Mr. Reardon challenges the judgment and sentence imposed by the trial court on his first degree burglary conviction, arguing the court abused its discretion in denying his motion to redact portions of his audio-taped confession relative to the possible existence of a restraining order against him and his HIV status. Mr. Reardon's conviction and sentence on the first degree burglary charge is affirmed, no reversible error having been demonstrated.
AFFIRMED in part; REVERSED in part, and REMANDED for re-sentencing.
DAUKSCH, PETERSON, GRIFFIN, THOMPSON, SAWAYA and PLEUS, J.J., concur.
HARRIS, J., concurring in part, dissenting in part, with opinion.
COBB, J., dissenting, with opinion.
W. SHARP J., dissenting, with opinion.
*421 HARRIS, J., concurring in part; dissenting in part.
I respectfully disagree with the majority's analysis but agree that a reversal is required and sentencing for the aggravated battery conviction should proceed. But I would reverse the burglary with a battery and/or weapon conviction and remand for a new trial.
The majority points out that the jury did not tell us whether it convicted Reardon of burglary with a battery or burglary while armed. I agree that based on this verdict the jury may have convicted Reardon of both or either or neither of the charged offenses. This verdict could also mean that the jurors may have agreed that Reardon committed the burglary but, although they could not agree on whether he committed a battery or possessed a weapon, could agree that he did one or the other and thus convicted him in the alternative. Because of this uncertainty, and the fact that the Sixth Amendment gives the defendant the right to have his fate decided by a unanimous verdict, we must consider carefully the jury's verdict in light of the charges.
In Valentine v. State, 688 So.2d 313 (Fla.1996), the supreme court was concerned with a conviction for attempted first degree murder in which the jury may have determined the defendant was guilty of attempted premeditated murder or attempted felony murder. The problem in Valentine was that one of the options would have resulted in an invalid conviction since attempted felony murder was no longer a crime in Florida. The court held that if a verdict is supportable on two grounds, one of which is invalid, and it is impossible to tell which ground the jury selected, the verdict must be set aside and a new trial ordered. See also Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). Although burglary with a battery and burglary while armed are both valid offenses, Valentine suggests, and Torna v. State, 742 So.2d 366 (Fla. 3d DCA 1999), directly holds, that when a general verdict makes it impossible for the court to determine which of two options the jury determined to exist, the court must construe the verdict as finding the option most favorable to the defendant. This is consistent with the policy behind section 775.021(11), Florida Statutes. Valentine, of course, indicates that if a single offense can be committed on either of two theories, and each theory is valid, then the jury may convict on alternative proof (as opposed to returning an alternative verdict) without indicating which theory it found to exist.[1] First degree murder is such a crime and the jury may convict with a general verdict without disclosing whether it found premeditation or felony murder. See Jordan v. State, 694 So.2d 708, 712 (Fla.1997), in which the court upheld a general verdict of first degree murder even though the verdict "did not indicate the theory upon which the conviction rested." See also San Martin v. State, 717 So.2d 462 (Fla.1998), in which the court, *422 even though there was insufficient evidence to prove premeditation, upheld the general verdict because the jury could have convicted the defendant under the felony murder theory. The important point about these cases is that the court assumes that the jury agreed on the same theory, not a mix and match combination. In neither case did the court consider what would happen if it appears that some of the jurors found premeditation but not felony murder and some of the jurors found felony murder without premeditation.
As so ably pointed out by Judge Cowart in Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989), under section 810.02, Florida Statutes, the differentiating factors which determine the degree of the burglary offense become "elements" of separate offenses. Further, these differentiating factors, even within the same degree, are stated in the alternative and set out in different sub-provisions making them, I urge, separate and distinct felonies, each a felony of the first degree. The differentiating elements are not mix and match. In other words, under this statutory structure, a conviction for "first degree burglary" cannot stand if, although all of the jurors agree that a burglary took place in which the defendant committed a battery or was armed, only half the jurors agree that a battery took place and only half agree that the defendant was armed. If a defendant commits a burglary and commits a battery, he has committed a first degree felony or if defendant commits a burglary and arms himself with a dangerous weapon, he has committed a first degree felony. Although both are alternative ways of committing a first degree felony burglary, the battery in sub-provision (a) or the arming in sub-provision (b), are distinct elements which must be unanimously determined by the jury to have existed before a conviction for a burglary under the respective provision can be sustained. By the "and/or" verdict in this case, we simply cannot be sure that a unanimous jury found either element to have been proved beyond and to the exclusion of any reasonable doubt.
The argument made before the trial court by Reardon was that he was being charged with one offense in Count II, burglary with an assault with a knife (aggravated battery) and hence a second conviction for aggravated battery cannot stand. That was also the position of the trial judge. That there was but a single offense charged in Count II was not disputed by the State. The State argued, however, that the differentiating elements under Blockburgerthe element of burglary in the "burglary with a battery with a knife" charge and the element of "caused great bodily harm or used a weapon" in the offense of aggravated batteryjustify the dual convictions. But now, on appeal, one of the State's arguments is that two alternative offenses were charged within the same count. If so, there is no indication which alternative was selected by the jury.
Even if we accept the proposition that an alternative verdict (and/or) is not fundamentally flawed as being too vague and should be treated as a general verdict (a position with which I disagree), still the verdict on this charge denied defendant his right to a unanimous verdict. I would therefore remand to the trial court to reinstate the aggravated battery conviction on Count I, reverse the conviction for burglary with a battery and/or weapon, and permit the State the opportunity to retry Reardon on the charge of burglary while armed.[2]
*423 Even if we accept this alternative verdict which may be based on mix and match elements, still our inquiry is not over. Under Valentine and Torna, we should treat the general verdict as a finding of burglary with a battery if such a finding would be beneficial to Reardon. Therefore, as did the judge and the parties below, we should consider that the jury convicted Reardon for burglary with a battery, which, under Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995), would invalidate the separate conviction for aggravated battery. Further, while I agree with the majority that we should reconsider Crawford, I would uphold Crawford because I believe it correctly states the law and would hold that a conviction of aggravated battery and burglary with a battery would constitute double jeopardy.
In Crawford, this court held that it was a violation of section 775.021(4)(b), Florida Statutes, to convict both for burglary with a battery and for aggravated battery arising out of the same criminal episode when the aggravated battery was in fact the battery relied on for the greater charge. I believe this to have been the right decision.
In Billiot v. State, 711 So.2d 1277 (Fla. 1st DCA 1998), the court disagreed with our analysis in Crawford because, although it agreed that an additional battery conviction (assuming it is the same battery alleged in the compound offense) would be barred under a Blockburger analysis, aggravated battery would not be because it includes elements which are not involved in the simple battery. The court stated:
Aggravated battery (with a deadly weapon) on an elderly victim, unlike simple battery, requires that the offender use a deadly weapon ... and that the battery be committed on a person 65 years of age or older.... These elements distinguish the offense here from simple battery, upon which first degree burglary must be predicated.
In an en banc decision, the Second District, in Washington v. State, 752 So.2d 16 (Fla. 2d DCA 2000), agreed with Billiot. While I agree that aggravated battery does indeed contain elements in addition to those required in simple battery, this should not end the analysis. We should also ask what separate element does simple battery have that distinguishes it from its aggravated form. If the answer is none, as it is, then under Blockburger battery and its aggravated form are one and the same offense. Has not the defendant, by his conviction of aggravated battery, been once "punished" for the same battery alleged in the burglary with a battery count? If so, can he again be punished for it by the State's merely again charging it in its simplest form?
This case points out the inherent problem of relying on a pure Blockburger "same-elements" analysis in order to determine whether a double jeopardy violation has occurred when defendant has been convicted of an enhanced felony (aggravated battery) and a compound felony (burglary with a battery) when both incorporate the same core offense, battery. In Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the United States Supreme Court, although not disagreeing with the Oklahoma Supreme Court that there are differing elements in both felony murder and the predicate felony, robbery, nevertheless held that when one offense cannot be proved without also proving the other, a conviction for both is constitutionally prohibited. The court, quoting from an earlier decision, stated: "[a] person [who] has been tried and convicted for a crime which has various incidents included in it ... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."
*424 The first question we should ask in this case is whether the legislature, when it authorized the burglary with a battery conviction, intended that only proof of a simple battery would qualify in order to enhance the burglary charge or did it use the term "battery" in a generic sense intending that any batterysimple, aggravated or sexualcould justify the enhancement of a burglary? If it intended the latter, and I believe it did, then under Harris and under United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), all of the elements of each qualifying offense (battery, aggravated battery and sexual battery) are incorporated within the compound felony, burglary with a battery. Thus, if aggravated battery was intended by the legislature to be a qualifying offense under the burglary with a battery offense and if the battery alleged was the same battery relied on in the count of aggravated battery, then the answer to the question as to whether defendant may be punished twice for the same battery is no.
If we conclude that the legislature intended that only proof of a simple battery may be the basis for enhancing burglary, then in cases such as this, the State has an insurmountable proof problem and a conviction for the compound felony would be fundamentally flawed. If one attacks with a hammer or a knife or causes permanent injuries, etc., he has, by definition, committed aggravated battery, not simple battery. Thus the probata would not match the allegata and the conviction could not stand.
But, says the State, it doesn't matter whether the victim is attacked by a knife or a hammer, in either event he is "touched" against his will and hence, by proving the greater offense, the State has also proved the lesser. Such logic is unassailable but does it help the State's case or the defendant's? Further, says the State, using Blockburger, this same battery may be punished as a part of the aggravated battery conviction and can also be "punished" as part of the burglary with a battery conviction because both burglary with a battery and aggravated battery have separate elements. But this ignores the Harris and Dixon modification of Blockburger to also prohibit a second conviction for an offense which was necessarily proved in convicting for another.[3]
The State also ignores the fact that, under Blockburger, aggravated battery and its necessarily included battery are one and the same offense. If one "touches" too hard with a hammer or "touches" too deeply with a knife, he has "aggravated" his battery offense. And he has committed the same offense whether he does it as an invited guest or as a burglar. If he does it as a burglar, the State has a choice. It can charge and punish him for burglary of an occupied dwelling, a second degree felony, and aggravated battery, also a second degree felony, or it can combine the two and charge *425 the defendant with burglary with a battery, a first degree felony punishable by life in prison. What it cannot do under Blockburger, I submit, is to punish the same battery as part of an aggravated battery conviction and again as an enhancement of burglary conviction.
By enacting section 775.021(4)(b), the legislature has made it clear that although it wants every truly separate offense committed by the defendant during any criminal episode to be punished, it does not want to impose multiple punishments for the same offense"offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense."
Burglary with a battery involves two separate offensesburglary and battery all the elements of which must be proved in order to convict for the new greater offense. Since all of the elements of battery had to be proved in order to convict of aggravated battery, this battery offense has been "used up." It cannot be used again in a separate count.
To hold that the simple battery may be considered for multiple punishment purposes as an offense separate from aggravated battery fails the Dixon "same elements" analysis required by Blockburger. In Harris, we are told that a conviction of the greater offense constitutes also a "conviction" of all the lesser offenses. The question then is whether having once been convicted of "battery," defendant may again be convicted of it as a part of another charge.
This is somewhat similar to the issue considered by the Florida Supreme Court in State v. Brown, 633 So.2d 1059 (Fla. 1994), in which it affirmed the holding of the lower court that "Brown could not be convicted of possession of a firearm during the commission of a felony, to wit: attempted first-degree murder, when he also received an enhanced sentence for carrying a firearm during the commission of a robbery where both crimes took place during the same criminal episode." As noted by Justice McDonald's concurring opinion, "The use of the firearm enhanced the degree of the robbery conviction and, hence, Brown has been punished for its use." Certainly, the elements of attempted murder and robbery are sufficiently different to pass the Blockburger test. Even so, the court would not permit the same underlying "element," use of a firearm, present in both offenses to be punished twice.
Since his conviction for aggravated battery increases the punishment that defendant would have received for simple battery and since that same battery in conjunction with the burglary greatly increased the punishment otherwise permitted for a burglary, his same battery is not only being punished twice, it is also enhanced twice.
I would reverse the dismissal of the aggravated battery conviction and remand for a new trial on the burglary with a weapon charge.
COBB, J., dissenting:
As I see it, Reardon cannot be convicted of both burglary with a battery (a first-degree felony) and aggravated battery (a second-degree felony) when the proof shows that only one battery occurred. In my view, the State dropped the ball by not narrowing its allegation and the verdict form in count II to burglary while armed. Had it done so, there would have been no problem in affirming both convictions in this case. Instead, we must construe the verdict in count II most favorably to Reardon. Torna v. State, 742 So.2d 366 (Fla. 3d DCA 1999). This means construing the first-degree burglary conviction as being based upon the commission of a battery rather than being based on a finding that Reardon was armed. Moreover, if there is a conflict between the two convictions, we must affirm the more serious of the two, which in this case is the burglary count. See State v. Barton, 523 So.2d 152 (Fla. 1988). This first-degree offense has incorporated the offense of battery (irrespective *426 of the degree of the battery) as a necessary core element. A conviction of this degree of burglary precludes a separate conviction of the incorporated offense. See United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).
The majority opinion states: "While simple battery is a lesser included offense of burglary with a battery ... the same is not true of aggravated battery." In my view, the same is true of aggravated battery, or any other form of battery established by the facts. In the instant case only one form of battery was established by the facts: aggravated battery. If the battery referred to in § 810.02(2)(a) defining burglary with a battery does not encompass aggravated battery, then the instant conviction of burglary with a battery cannot stand because only aggravated battery was proven. I do not read section 810.02(2)(a) as narrowly as does the majority herein; rather I agree with Judge Harris that the legislature used the term "battery" in that statute in the generic sense intending that any type of battery would suffice to elevate the degree of burglary charged.
The burglary statute has made the factors that differentiate the levels of punishment into degree elements of the basic substantive offense of burglary. As explained by our opinion in Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989), this creates a problem when the "degree element" of burglary is itself a separate independent offense. In that event the primary substantive offense (i.e., burglary) has encompassed, and thereby subsumed, the constituent offense (i.e., battery, whatever its degree) as one of its elements.
It is clear from the language of section 775.021(4)(b), Florida's "Blockburger statute,"[1] that it does not authorize successive punishments for necessarily lesser included offenses. It expressly precludes conviction and sentence for those offenses which are lesser offensesi.e., "offenses the statutory elements of which are subsumed by the greater offense." In the instant case that means that the statutory elements of aggravated battery, the only type of battery proven by the State to support that element of its burglary count, were subsumed by the conviction of the first-degree felony count of burglary with a battery.
I disagree with the conclusion of Judge Harris and Judge Sharp that the conviction of Reardon under count II for burglary should be reversed and remanded for a clarifying new trial so that a new jury could specifically find as a basis for the first-degree burglary count that Reardon was armed, omitting any reference to a battery. The State has not asked for a reversal of the burglary conviction or a new trial on that count. Reardon, as cross-appellant, has asked for reversal of the burglary count based on evidentiary rulings by the trial court having nothing to do with the verdict form. There is no basis for reversal of the burglary conviction merely to afford the State a more viable argument as to the validity of the aggravated battery conviction. See Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). Indeed, I do not believe we have jurisdiction to do so.[2]
*427 I would affirm the result reached by the trial judge.
W. SHARP, J., dissenting.
For the reasons expressed in Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995), I respectfully dissent. Section 775.021(4)(b) bars convictions/punishments for offenses which require identical elements of proof, and offenses which are degrees of the same offense as provided by statute. In my opinion, in cases where it is appropriate to convict for first degree burglary, by proving a battery, that same simple battery should not be available thereafter to provide the necessary element of battery for an aggravated battery conviction.[1] True, aggravated battery has separate and additional elements above and beyond simple battery. But battery is a lesser included offense, and hence is subsumed in the greater offense.[2] If it is the same battery, it should not be available to serve as the basis for an additional conviction under the Blockburger test, which I think the legislature intended to incorporate in section 775.021(4)(2).
In this case (as Judge Harris points out), it is not clear on what theory the jury convicted Reardonwhether it was burglary with a battery or burglary while armed. Based on precedent cited by Judge Harris, I think both counts should be remanded for a new trial in which the jury is instructed to expressly find the basis for the burglary conviction. If the conviction is for burglary with a battery, then there should be no additional conviction for aggravated battery. But if it is for burglary while armed, then the aggravated battery conviction could stand. However, allowing a conviction for aggravated battery to stand and conducting a subsequent prosecution for burglary with a battery, clearly would invoke the double jeopardy bars of the federal and state constitutions.[3]
NOTES
[1] § 784.045(1)(a), Fla. Stat. (1997).
[2] § 810.02(1), (2)(a)-(b), Fla. Stat. (1997).
[3] The instant verdict form reveals that the jury was presented with, and chose the option of, finding Mr. Reardon guilty of burglary with an assault or battery "and/or" burglary while armed. Thus, it is unclear whether the jury found Mr. Reardon guilty of (1) burglary while armed, or (2) burglary with an assault or battery. Upon this record, this court can not determine which facts the jury found to conclude Mr. Reardon was guilty of the first degree burglary. We must read the verdict in a manner which would give the benefit of the doubt to Mr. Reardon. See Valentine v. State, 688 So.2d 313 (Fla.1996), cert. denied, 522 U.S. 830, 118 S.Ct. 95, 139 L.Ed.2d 51 (1997); Torna v. State, 742 So.2d 366 (Fla. 3d DCA 1999). Of course, a finding that Mr. Reardon committed the burglary while armed would neither trigger Crawford concerns nor raise the specter of double jeopardy because both aggravated battery and armed burglary obviously contain elements not common to the other. See § 775.021(4), Fla. Stat. (1997); M.P. v. State, 682 So.2d 79, 81 (Fla.1996). However, since such a finding would result in reversal and remand for reinstatement of the aggravated battery conviction, it would not be to Mr. Reardon's benefit to indulge in such an assumption. Neither would it be to Mr. Reardon's benefit for this court to assume that the jury found him guilty of burglary with a battery, given our recession from Crawford. As a result, it is irrelevant to the disposition of the instant appeal whether the jury found Mr. Reardon guilty of committing the burglary while armed or guilty of committing the burglary with an assault or battery because neither finding would preclude the imposition of the aggravated battery conviction on double jeopardy grounds.
[1] There is no problem with a general verdict to a charge which can be committed in alternative ways so long as the jurors all agreed on the same alternative. For example, in first degree murder which can be committed either by felony murder or premeditation, a general verdict has been held acceptable. Indeed, if we assume the jury followed the court's instructions, then we should assume that each of the jurors agreed on the same alternative theory to support the general verdict. However, these statutory alternative methods of committing first degree murder are not, at least in the contemplation of the legislature, "mix and match." If the State charged only premeditated murder and half of the jurors were not convinced, an acquittal would follow; similarly, if the State charged only felony murder and half the jurors were not convinced, an acquittal would follow. It follows, therefore, that if the State charges first degree murder based on the alternative methods of committing the crime and the jury returns an alternative verdict which, in effect, says that although we cannot all agree that the defendant committed either felony murder or premeditated murder but we do all agree that he committed one or the other, the law should not permit the defendant's execution when there is less than a unanimous verdict on either theory on which the alternative verdict might be based.
[2] The alternative verdict is apparent on the face of the record and the structure of the burglary statute is clear on the face of the statute. The supreme court, in so far as I can determine, has never told us that we cannot remedy a wrongful conviction apparent on the face of the record. It has told us that except in Anders situations we have no obligation to carefully scrutinize the record ourselves in search of errors. And it has told us that an appellant has no right (except in the case of fundamental error) to raise on appeal matters not raised below. But it has not told us that if an error causing a wrongful conviction is so apparent in the record that it jumps up and bites us on the nose that we must ignore it. I hope it never does.
[3] If the United States Supreme Court did not modify the Blockburger test, it at least better defined it. Both the Scalia and the Rehnquist opinions in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), refer to and rely on Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). In Harris, the court stated:

When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with a firearm, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater crime.
Hence, even if felony murder and robbery with a firearm have differing elementsfelony murder requires a death and robbery does not while robbery requires the taking of property by force and felony murder does not (felony murder merely requires that a death take place during the commission of some designated felony), still, as explained by both Scalia and Rehnquist, Harris adds the concept to Blockburger that if the crime charged incorporates by reference other offenses, then all such incorporated offenses become "elements" of the greater offense and a conviction of the greater offense bars further prosecution of the incorporated offenses. The purpose of section 775.021(4)(b)3 seems to be to adopt this concept.
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] The case of Valentine v. State, 688 So.2d 313 (Fla.1996), cited by Judge Harris, is not relevant to the instant case. Valentine was a case wherein one of two options possibly accepted by the jury as a basis for their verdict was invalid, thereby casting doubt on the validity of the verdict itself and entitling Valentine to a new trial eliminating the invalid option. Valentine, unlike Reardon, sought a new trial on that basis. In the instant case the jury's burglary conviction was valid, irrespective of whether the jury found that he possessed a weapon or committed a batteryor both. There is no basis in the record to suggest that the jury found neither element; they said that they found one or the other or both, and that finding has not been challenged on appeal by either party.
[1] See § 775.021(4); Duhart v. State, 724 So.2d 1223 (Fla. 1st DCA 1998)(double jeopardy statute applies to necessarily lesser included offenses if the statutory elements are subsumed by the greater offense).
[2] See Arnold v. State, 514 So.2d 419 (Fla. 2d DCA 1987)(simple battery is a necessarily included lesser offense of aggravated battery); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984).
[3] U.S. Const. 5th Amend.; Art I, § 9 Fla. Const.